IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOSEPH SALAZAR,<br><br>        Plaintiff,<br><br>     v.<br><br>BRIAN T. MOYNIHAN, and/or his successor, individually and in his official capacity as PRES/CEO OF BAC HOME LOANS SERVICING, LP; ROSSELIN RINSON, and/or his successor, individually, and in his official capacity as PRES. OF FIN. & ADMIN. OF RECONTRUST COMPANY, N.A.; BRIAN T. MOYNIHAN, and/or his successor, individually and in his official capacity as PRES/CEO OF BANK OF AMERICA; and JOHN DOES (Investors) 1-10,000,<br><br>        Defendants.<br>_____ | 2:11-cv-03276-GEB-KJN<br><br>ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER[*] |

        On December 12, 2011, Plaintiff, proceeding *in propria persona*, filed an unnoticed *ex parte* motion for a temporary restraining order ("TRO motion"), requesting that the Court enjoin "the above-named Defendants . . . from Selling, Converting, or, by any means whatsoever, Dispossessing Plaintiff of [Real] Property." (Compl. 114: 17-19.) Plaintiff states in a document filed contemporaneously with the TRO

---

     [*]    This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1  motion that "the order for the illegal eviction is set for 6:01 a.m. on
2  [December 13, 2011]." (DOC # 4.)

### I. LEGAL STANDARD

"Temporary restraining orders are governed by the same standard applicable to preliminary injunctions." <u>Pimentel v. Deutsche Bank Nat. Trust Co.</u>, No. 09-CV-2264 JLS (NLS), 2009 WL 3398789, at *1 (S.D.Cal. October 20, 2009)(referencing <u>New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.</u>, 434 U.S. 1345, 1347 n. 2 (1977) (Rehnquist, J.)). A Plaintiff "seeking a preliminary injunction must establish that [he is] likely to succeed on the merits, that [he is] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [his] favor, and that an injunction is in the public interest." <u>Id.</u> (citing <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008)).

### II. ANALYSIS

Plaintiff has not shown that Defendants have been provided notice of the TRO he seeks.

**A. Notice**

Federal Rule of Civil Procedure 65(b)(1)(B), which applies to the *ex parte* TRO Plaintiff seeks, provides, in relevant part:

> [t]he court may issue a [TRO] without written or oral notice to the adverse party or its attorney ***only if . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.***

Moreover, Local Rule 231(a) provides: "[e]xcept in the most ***extraordinary of circumstances***, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice." E.D. Cal. L.R. 231(a) (emphasis added).

Plaintiff has not shown "extraordinary . . . circumstances" excusing his failure to provide Defendants with notice of the TRO he seeks.

B.  **Undue Delay**

Local Rule 231(b) provides:

> In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

Plaintiff filed his TRO motion and Complaint the day before the scheduled "eviction" and does not explain why he could not have sought injunctive relief before then. (DOC #4, p.2.) Therefore, Plaintiff has not shown that he did not unduly delay in seeking emergency injunctive relief.

C.  **Likelihood of Success on the Merits on Plaintiff's New Claims**

Nor has Plaintiff shown he is likely to prevail on the merits of his claims. Plaintiff alleges that "[D]efendant[s] [are] not the real parties in interest in the non-judicial proceeding, [therefore] the foreclosure is an unlawful procedure." (Compl. 12:1-2.) Plaintiff also alleges Defendants violated Plaintiff's Fifth and Fourteenth Amendment rights. (Compl. 27:9-29:2.) Plaintiff further alleges "Defendants have greatly injured the Plaintiff through and not limited to misrepresentation, truth in lending, UDAP and unjust enrichment as a result of the Defendant[s'] deliberate, conspired, intentional, and malicious fraud." (Compl. 35:15-17.)

Plaintiff's conclusory averments and allegations fail to state cognizable claims since the TRO motion and the Complaint are devoid of facts supporting the claims.

**D.  Irreparable Harm, Balance of Equities, Public Interest**

While it is recognized that the loss of a home may constitute irreparable harm, here Plaintiff has not provided facts sufficient to show any of his claims have merit. Nor has he offered sufficient justification for conducting an unnoticed TRO proceeding. Further, Plaintiff has not shown facts supporting his premise that Defendants are the cause of any harm he concludes he will suffer. Lastly, Plaintiff's conclusory averments lack the quality of evidence sufficient to tip the equities in his favor or show that the public interest favors granting the TRO Plaintiff seeks.

### III. CONCLUSION

For the stated reasons, Plaintiff's TRO motion is **DENIED**.

**Dated:  December 12, 2011**

_____
**GARLAND E. BURRELL, JR.
United States District Judge**